FILED
SUPERIOR COURT
OF GUAM

2018 MAR 27 PM 1: 42

CLERK OF COURT
BY:



## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM, | Case No. CF0399-17 |
| Plaintiff, | |
| vs. | DECISION AND ORDER |
| JUNIOR MIURHA, | |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on December 27, 2017 upon a hearing concerning Defendant Junior Miurha's ("Defendant" or "Mr. Miurha") Motion to Dismiss. During the hearing, Attorney Leevin T. Camacho represented Mr. Miurha and Assistant Attorney General Jeremiah B. Luther represented the People of Guam ("the People").[1] Having duly considered the parties' arguments and the applicable law, the Court now issues its Decision and Order and DENIES the Motion to Dismiss.

## BACKGROUND

On August 11, 2017, a grand jury returned an indictment against Defendant on the following charges: Hindering Apprehension (as a Third Degree Felony); Falsifying Evidence (as a Third Degree Felony); and Unsworn Falsification (as a Misdemeanor).[2] (Indictment, Aug.

---

[1] The motion pertains only to Mr. Miurha, and not his co-defendants - Riality Joe and Travor Todd Ruben.
[2] These offenses are listed as the eleventh, twelfth, and thirteenth charge in the indictment.

**ORIGINAL**

4, 2017.) The charges arise from alleged statements made by Defendant between the period of July 2, 2017 and July 23, 2017 concerning a related traffic accident that occurred on or about July 2, 2017. (<u>Id.</u>) The following individuals were also charged along with the Defendant in the indictment for related offenses: Riality Joe and Travor Todd Ruben.

During Defendant's arraignment hearing on August 16, 2017 on the aforementioned charges, Defendant entered a plea of not guilty and waived his right to a speedy trial pursuant to 8 G.C.A. § 80.60.

On September 19, 2017, the Court issued an order setting a motion deadline for July 19, 2018, and scheduling jury selection and trial for August 20, 2018. (Criminal Trial Scheduling Order, Sep. 27, 2017.) On October 4, 2017, Defendant filed the current Motion to Dismiss requesting the Court to dismiss specifically the eleventh charge of Hindering Apprehension (as a Third Degree Felony).[3] The People filed their opposition to the motion on October 19, 2017. On December 27, 2017, the Court heard oral arguments on the motion and subsequently took the matter under advisement.

## DISCUSSION

Defendant argues in his motion that the eleventh charge of Hindering Apprehension (as a Third Degree Felony) should be dismissed as Mr. Miurha did not know that a first or second degree felony had been committed at the time he purportedly engaged in deceptive conduct that interfered with the investigation by authorities. (Mot. to Dismiss at 2:11-19, Oct. 4, 2017.) This argument, however, is misplaced considering that the inquiry as to what Defendant knew at the time he engaged in certain conduct is the type of determination properly suited for the fact-finder.

The charge of Hindering Apprehension reads as follows in the indictment:

> On or about the time period between July 2, 2017 and July 13, 2017, inclusive, in Guam, JUNIOR MIURHA (aka Junior Mivhra) did commit the offense of

---

[3] Defendant also filed a Motion to Sever Charges, which the Court granted on the record on December 27, 2017.

Hindering Apprehension (As a 3rd Degree Felony), in that he did, with the intent to hinder, prevent and delay the discovery, apprehension, prosecution and punishment of another person for the commission of offense, he obstructed by deception anyone from performing an act which might aid in the discovery, apprehension, prosecution or conviction of such person, and he did know the charge liable to be made against the other person was a felony of the first or second degree, in violation of 9 GCA §§ 55.15(a)(5) and (b).

(Indictment, Aug. 4, 2017.) The indictment correctly states that Hindering Apprehension, as charged, requires that Mr. Miurha have knowledge that "the charge liable to be made against the other person was a felony of the first or second degree." 9 G.C.A. § 55.15(b).

Under Defendant's theory, he could not have had knowledge that his co-defendants committed a first or second degree felony, specifically those charges related to vehicular homicide, because the victim was alive after the accident and Defendant attempted to provide assistance to her. These facts alone, however, even if found to be true, are not dispositive as to what knowledge Defendant had when he purportedly engaged in deceptive conduct that interfered with the investigation by authorities. Additionally, the charging document states that the conduct forming the basis for the offense of Hindering Apprehension occurred between July 2, 2017 and July 13, 2017, which includes the period after the victim died. At any point during this period, Mr. Miurha could have been informed or become aware that the victim in the underlying accident was deceased. Therefore, the fact that the victim was alive for a period immediately after the accident does not provide a basis to dismiss the charge of Hindering Apprehension as the purportedly deceptive conduct could have occurred at any point during the period alleged in the indictment.

Furthermore, Defendant was indicted by a grand jury who found there to be probable cause to support the charges in the indictment, including Hindering Apprehension. Under the law, an indictment "shall contain a plain, concise and definite written statement of the essential facts constituting the offense charged, and shall be signed by the prosecuting attorney." 8 G.C.A. § 55.10. It is well established that an indictment is sufficient if: (1) it contains the elements of the crime charged; (2) adequately informs defendant of the crime to allow him to

defend against the charges; and (3) is stated with sufficient clarity to bar subsequent prosecution for the same offense. People v. Jones, 2006 Guam 13 ¶ 12 (citations omitted). The Supreme Court of Guam ("Supreme Court") also noted that an indictment "should be read in its entirety, construed according to common sense, and interpreted to include facts which are necessarily implied." Id. Furthermore, "[a]n indictment returned by a legally constituted and unbiased grand jury, if valid on its face, is enough to call for trial of the charge on the merits." United States v. Costello, 350 U.S. 359, 363 (1956)

The sufficiency of an indictment may be challenged based on clearly delineated grounds as outlined by the Supreme Court in People v. Jones, 2006 Guam 13 ¶ 12. These grounds do not include whether or not a grand jury was presented with sufficient evidence to return an indictment. Rather, the Court generally does not have "authority [to] look[] into and revisit[] the judgment of the grand jury upon the evidence, for the purpose of determining whether or not the finding was founded upon sufficient proof." United States v. Costello, 350 U.S. 359, 362-63 (1956). Thus, "[a]n indictment returned by a legally constituted and unbiased grand jury, if valid on its face, is enough to call for trial of the charge on the merits." Id. at 363

Should Mr. Miurha believe that there is not sufficient evidence to support the charge of Hindering Apprehension, the proper remedy at this stage is to proceed with trial and force the People to prove their case beyond a reasonable doubt.

## CONCLUSION

For the reasons set forth above, the Court DENIES Mr. Miurha's Motion to Dismiss. A pretrial conference scheduled for May 8, 2018 at 3:00pm.

**IT IS SO ORDERED** on this 27th day of March, 2018.



_____
**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of:

HG

L. Camacho

Date: 3/27/18  Time: 1:45pm

Deputy Clerk, Superior Court of Guam